Anna Hsia (SBN 234179)
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile: (415) 636-5965
anna@zwillgen.com

Attorneys for Defendant
LINKEDIN CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HURVITZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOOM VIDEO COMMUNICATIONS, INC., FACEBOOK and LINKEDIN CORPORATION,<br><br>Defendants. | Case No. 2:20-cv-03400-PA-JPR<br><br>**DEFENDANT LINKEDIN CORPORATION'S RESPONSE TO ORDER TO SHOW CAUSE** |

## INTRODUCTION

Plaintiff purports to represent a class of plaintiffs from thirty-four states and a California subclass in alleging claims against three defendants, all located in the Northern District, based on allegations substantially similar to those in thirteen related cases already pending in the Northern District. The defendants, evidence, most witnesses, and similar cases are all in the Northern District. None of Defendant LinkedIn's relevant conduct occurred in the Central District. And LinkedIn's contracts with its customers (including members of the purported class) provide for venue in federal courts in the Northern District.[1] The case would be more convenient and less costly to litigate in the Northern District. And doing so would reduce the risk of inconsistent rulings in related cases. The only connection to the Central District is a representative Plaintiff, and possibly some members of the purported thirty-four state class and California subclass. The fact that a representative plaintiff of a thirty-four state class is located in a different district is not enough to outweigh the significant benefits of transfer to the Northern District. This Court should, pursuant to 28 U.S.C. § 1404(a), transfer this case to the Northern District.

## FACTUAL BACKGROUND

In its Order to Show Cause (the "Order") (Dkt. 15), the Court ordered Plaintiff Todd Hurvitz ("Plaintiff Hurvitz") to address: (a) why venue is proper in the Central District of California (the "Central District"); and (b) why this action should not be dismissed or transferred to another district for the convenience of the parties and witnesses, and in the interest of justice. The Court also invited Defendants to address these issues, given the number of similar actions pending in the Northern District of California, including actions commenced before this

---

[1] LinkedIn does not dispute that venue may lie in the Central District under 28 U.S.C. § 1391 but the Court should transfer this case under 28 U.S.C. § 1404.

2
DEFENDANT LINKEDIN CORPORATION'S RESPONSE TO ORDER TO SHOW CAUSE
CASE NO. 2:20-cv-03400-PA-JPR

action, and the thirty-four state class Plaintiff seeks to represent, which the Court recognized may lessen the deference to which Plaintiff's choice of forum might otherwise be entitled.

### A. Parties

Plaintiff Hurvitz states that he resides in Los Angeles, California, in the Central District. Declaration of Todd Hurvitz ("Hurvitz Decl."), ¶ 3. Plaintiff also states that a number of purported class members are likely located in the Central District of California. Plaintiff's Response to Order to Show Cause ("Plaintiff's Response") at 9-10.

The defendants are three Delaware corporations with corporate headquarters located in the Northern District: Defendant Zoom Video Communications, Inc. ("Zoom") in San Jose, California; Defendant Facebook, Inc. ("Facebook") in Menlo Park, California; and Defendant LinkedIn in Sunnyvale, California (collectively "Defendants"). Declaration of Steven Kaplan ("Kaplan Decl."), ¶ 4; Compl. ¶¶ 9, 10.

Defendant LinkedIn has additional offices located in the United States, but only one, with no relevant witnesses or operations, in the Central District. Kaplan Dec., ¶¶ 4-8. Its witnesses for this case will most likely be located in the Northern District. *Id.* ¶ 7.

### B. This Class Action Complaint and Similar Actions Pending in the Northern District

Plaintiff Hurvitz filed this Class Action Complaint ("Complaint") in the Central District on April 13, 2020. The Complaint asserts claims for various privacy-related intrusions that Defendants allegedly committed and seeks to obtain relief on behalf of a thirty-four state class and a California subclass.

As the Court acknowledged, Plaintiff's claims are similar to those asserted against Zoom in numerous actions pending in the Northern District, (collectively,

Other Cases").[2]  Five of the thirteen Other Cases were commenced before this action.  While Zoom is currently the only named defendant in the Other Cases, eight of those cases refer to alleged conduct involving Zoom's disclosure of information to LinkedIn and many refer to conduct involving disclosures made to Facebook.  Declaration of Anna Hsia ("Hsia Decl."), ¶¶ 4-6.

### C. Relevant Conduct at Issue

Plaintiff alleges various privacy-related claims based on use of Zoom's integration of LinkedIn's Sales Navigator product ("Sales Navigator Zoom Integration").  Defendant LinkedIn primarily developed its Sales Navigator product at its headquarters in the Northern District.   Kaplan Decl., ¶ 6.

Only a small percentage of Sales Navigator subscribers ever used the Sales Navigator Zoom Integration.  *Id.* ¶ 12.  As a result, there are likely few purported class members in any judicial district, and very few in the Central District.

Neither the Complaint nor Plaintiff's Response includes any factual allegation that Plaintiff actually participated in a specific Zoom call with another participant using the Sales Navigator Zoom Integration—in the Central District or otherwise.

---

[2] Those cases include *Cullen v. Zoom Video Communications, Inc.*, No. 5:20-cv-2155-LHK-SVK;  *Taylor v. Zoom Video Communications*, No. 3:20-cv-2170-RS; *Johnston v. Zoom Video Communications, Inc.*, No. 5:20-cv-2376-SVK; *Gens v. v. Zoom Video Communications, Inc.*, No. 2:20-cv-00593-LA; *Kondrat v. Zoom Video Communications, Inc.*, No. 5:20-cv-2520-NC; *Buxbaum v. Zoom Video Communications, Inc.*, No. 5:20-cv-02939-SVK; *Jimenez v. Zoom Video Communications, Inc.*, No. 5:20-cv-2591-LHK; *Hartmann v. Zoom Video Communications, Inc.*, No. 5:20- cv-2620-NC; *Henry v. Zoom Video Communications, Inc.*, No. 5:20-cv-2691-SVK; *Lawton v. Zoom Video Communications, Inc.*, No. 3:20-cv-2592-SK; *Greenbaum v. v. Zoom Video Communications, Inc.*, No. 5:20-cv-02861-NC; *Simins v. Zoom Video Communications, Inc.*, No. 5:20- cv-2893; and *Kirpekar v. Zoom Video Communications, Inc.*, No. 5:20-cv-03042-NC.

# ARGUMENT

A court may "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In its Order, the Court directed the parties to focus on the following factors, all of which are relevant to a decision under § 1404(a): (1) the forum that is more convenient for parties and witnesses; (2) the respective parties' contacts with each forum; (3) the alleged unlawful practices within the Central District; (4) the witnesses the parties expect to call and where they reside; (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (6) the contacts relating to the plaintiff's cause of action in the chosen forum; (7) the ease of access to sources of proof; (8) the expected difference in the cost of litigation in each forum; and (9) whether there are any other forums that would be more convenient. Dkt. 15 at 2.

**Interests of Justice:** "The interest of justice, and especially the consideration of judicial economy, 'is the most important factor of all' and 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Ancora Techs., Inc. v. Apple Inc.*, No. CV1010045AGMLGX, 2011 WL 13157060, at *3 (C.D. Cal. Dec. 12, 2011) (quoting *Regents of the University of Cal. v. Eli Lilly and Co.*, 119 F.3d 1559, 1565 (D.C. Cir. 1997)). In considering the interests of justice, the Court weighs such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc., v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (9th Cir. 1989). This Court has recognized that "the presence of a related case in the transferee forum is a **powerful reason** to grant a change of venue." *Smith v. Randy's Trucking, Inc.*, No. CV 08-6663 PA (JWJX), 2009 WL 10700472, at *2 (C.D. Cal. Feb. 2, 2009) (quoting *Blanning v. Tisch*, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974) (emphasis added); *see also Jolly v. Purdue Pharma L.P.,* 2005 WL 2439197 at *2 (S.D.

5
DEFENDANT LINKEDIN CORPORATION'S RESPONSE TO ORDER TO SHOW CAUSE
CASE NO. 2:20-cv-03400-PA-JPR

Cal.) (citing *A.J. Industries, Inc., v. United States District Court for the Central District of California,* 503 F.2d 384, 389 (9th Cir. 1974). And "[t]he pendency of a related case in another forum can be decisive in allowing transfer even where witness and party convenience weigh against transfer." *Neology, Inc. v. Fed. Signal Corp.*, No. LACV1204422JAKJPRX, 2012 WL 13013024, at *2 (C.D. Cal. Oct. 15, 2012)

Here, the pendency of *thirteen* related cases in the Northern District weighs heavily in favor of transfer. While LinkedIn is not a defendant in any other case, Zoom's interaction with LinkedIn and use of LinkedIn APIs is part of the allegations in at least eight other cases pending in the Northern District. Hsia Decl., ¶ 5. There is thus some likelihood that LinkedIn will have to appear as a witness or produce documents in those related cases. Similar allegations regarding Zoom's privacy and security are also at issue in all thirteen cases. Hsia Decl., ¶ 4. As such, the Northern District will have to make rulings regarding the same conduct alleged here—both on the merits and on discovery-related issues. This creates a risk of inconsistent rulings, which would burden both parties and the Court. As courts have consistently recognized, the pendency of even a few, let alone thirteen, cases in the transferee district weighs heavily in favor of transfer under § 1404(a).

**Convenience of Parties and Witnesses and Costs of Litigation:** LinkedIn is not aware of any potential witnesses, other than Plaintiff, within the Central District, and most of its relevant employees are located in the Northern District. Kaplan Decl., ¶ 7. As the complaint alleges, Zoom and Facebook are also located in the Northern District. Compl. ¶¶ 9, 10. Defendants, and likely most witnesses and evidence are thus likely located in the Northern District, making it more convenient for LinkedIn and most relevant witnesses to proceed in the Northern District.

Likewise, as stated above, thirteen cases arising out of the same or similar facts are pending in the Northern District, and at least eight contain allegations related to Zoom providing data to LinkedIn.  Hsia Decl., ¶¶ 4-5.  While LinkedIn is not a defendant in those cases, it would be more convenient for the Defendants and the Court to coordinate discovery and pre-trial proceedings in cases arising out of the same facts in the same district to reduce attendance at duplicative hearings.

Although LinkedIn is a large corporation and can compel its employees to travel, not all witnesses may remain employees as the suit progresses.  As such, neither it nor Plaintiff may be able to compel former employees located in the Northern District to attend proceedings in the Central District, further burdening both parties.  *See Hackwith v. Apple Inc.*, No. CV 09-3482-VBF(VBKX), 2009 WL 10674053, at *3 (C.D. Cal. Aug. 12, 2009) (noting that location of a party's employees in another district favors transfer).

Of the potential witnesses known to LinkedIn, only Plaintiff Hurvitz, who purports to represent both a thirty-four state class and a California subclass, is located in the Central District.  Hurvitz Decl., ¶ 3.  While the Plaintiff's choice of forum is a factor when considering convenience, that factor is given less weight when the Plaintiff purports to represent a nearly nationwide class.  *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum, when an individual ... represents a class, the named plaintiff's choice of forum is given less weight.") (internal citation omitted); *see also Hackwith v. Apple Inc.*, 2009 WL 10674053, at *2 (representation of a purported nationwide class cuts against inconvenience to the named plaintiff).  Plaintiffs' choice of forum and convenience does not outweigh the inconvenience to other parties and witnesses.

Given the location of witnesses, evidence, and cases arising out of the same or substantially similar facts in the Northern District, LinkedIn expects that its

costs of litigation would be reduced if this case were to proceed in the Northern District. This factor weighs heavily in favor of transfer.

**Contacts with Each Forum:** LinkedIn has extensive contacts with the Northern District of California. Its principal place of business is in the Northern District. Kaplan Decl., ¶ 4. Its engineering and product development teams are located, in large part, in the Northern District. *Id.* ¶ 5. While LinkedIn has employees in several offices in the United States, the Northern District is the District where most the employees with knowledge related to the facts alleged reside. *Id.* ¶ 7. LinkedIn does not dispute that it has many users in the Central District, but it also has many users in the Northern District—and the fact that Plaintiff seeks a thirty-four state class and California subclass means that the majority of purported class members are located outside of both judicial districts. This factor weighs in favor of transfer to the Northern District.

LinkedIn's contracts with its customers, including Mr. Hurvitz, also weigh heavily in favor of transfer under § 1404(a). Kaplan Decl., ¶ 11. As the Supreme Court has recognized, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause," absent "extraordinary circumstances unrelated to the convenience of the parties" and should not consider the parties' private interests. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). The complaint alleges that Zoom users were able to unmask purported class members that joined Zoom calls anonymously by displaying LinkedIn profile information. Compl. ¶¶ 47-48. To have a LinkedIn profile, users must have a LinkedIn account, which requires agreement to LinkedIn's user agreement. Kaplan Decl., ¶ 9; Ex. A, LinkedIn Registration. All purported class members that were allegedly unmasked thus had LinkedIn accounts and agreed to its terms. LinkedIn's user agreement set the venue for lawsuits arising out of LinkedIn's

services in federal courts in Santa Clara County, which are in the Northern District. Kaplan Decl., ¶10; Ex. B, LinkedIn User Agreement.

Plaintiff Hurvitz's response does not raise any "extraordinary circumstance" that would compel ignoring LinkedIn's valid forum selection clause, particularly for the purported class members that had LinkedIn accounts. Instead, Plaintiff raises issues related to his own convenience, which the Supreme Court has stated should not be considered under § 1404 when a valid forum selection clause exists. *Atl. Marine Const. Co.*, 571 U.S. at 62. Because LinkedIn's terms select the Northern District, this factor likewise weighs heavily in favor of transfer under § 1404(a). *Id.*; *see also Domen v. Vimeo, Inc.*, No. 819CV01278SVWAFM, 2019 WL 4998782, at *2 (C.D. Cal. Sept. 4, 2019) (transferring venue based on forum selection clause in online agreement).

**Potential Witnesses and Evidence:** As stated above, LinkedIn expects that its relevant witnesses are likely to be located within the Northern District. Kaplan Decl., ¶ 7. And, based on the allegations in the complaint and those in related cases, it believes that the relevant witnesses for Zoom and Facebook are also likely to be located in the Northern District. It is not aware of any witness, other than Plaintiff, in the Central District. And, should the case proceed as a class action, most purported class members will be located outside of both districts. LinkedIn agrees with Plaintiff that most documents will be transmitted electronically. Most depositions involving LinkedIn likely will occur in the Northern District. If LinkedIn witnesses are required to attend proceedings in the Central District, it will incur greater costs associated with travel.

**Contacts Related to Plaintiffs' Cause of Action in the Chosen Forum:** LinkedIn's contacts with Zoom generally occurred in the Northern District, where both companies have their principal places of business. Kaplan Decl., ¶ 4; Compl. ¶ 9. LinkedIn's development of its Sales Navigator product also occurred in large

9

part in the Northern District. Kaplan Decl., ¶ 6. Further, LinkedIn did not target the Sales Navigator Zoom Integration specifically toward Plaintiff or Central District residents. Kaplan Decl., ¶ 13. This factor also weighs in favor of transfer.

## CONCLUSION

Thirteen related cases, all three defendants, and most witnesses and evidence are located in the Northern District, not the Central District. Additionally, LinkedIn's contracts with its users contained a forum selection clause for the Northern District. For the reasons stated above, this Court should transfer this case to the Northern District.

Dated: May 11, 2020                    ZWILLGEN LAW LLP

By:  /s/ Anna Hsia
Anna Hsia (SBN 234179)
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile: (415) 636-5965
anna@zwillgen.com

Kelsey Harclerode (SBN 313976)
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298
kelsey@zwillgen.com

Attorneys for Defendant
LINKEDIN CORPORATION