JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 20-3400 PA (JPRx) | Date | May 12, 2020 |
|---|---|---|---|
| Title | Todd Hurvitz v. Zoom Video Communications, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court are responses to the Court's April 15, 2020 order to show cause from plaintiff Todd Hurvitz ("Plaintiff") and defendants Zoom Video Communications, Inc., ("Zoom"), Facebook, Inc., ("Facebook") and LinkedIn Corporation ("LinkedIn") (collectively "Defendants"). In that Order, the Court required the parties to show cause why this action should not be transferred to the United States District Court for the Northern District of California (the "Northern District") pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.

## I. Factual and Procedural Background

Plaintiff's Complaint, which he filed on April 13, 2020, sought to obtain relief on behalf of a nationwide class, a subclass consisting of various states, and a California subclass, arising out of the alleged sharing of information between Zoom, Facebook, and LinkedIn. The Court issued its April 15, 2020 Order to Show Cause because the Complaint alleged that all three Defendants maintain their headquarters in the Northern District, and a number of similar class actions had already been filed in the Northern District by the time Plaintiff commenced this action.

Plaintiff filed a Response in which he stated that he opposed transfer. Defendants filed Responses on May 11, 2020, in which they supported transfer to the Northern District, and explained how transfer would serve the interest of the convenience of parties and witnesses, and promote the "interest of justice." Among other facts relied upon by Defendants to support transfer were the thirteen actions involving security-related claims against Zoom that are in the process of being consolidated in the Northern District, and that the terms of service for users of Zoom, Facebook, and LinkedIn all provide that litigation against those companies shall be venued in courts located in the Northern District.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3400 PA (JPRx) | Date | May 12, 2020 |
|---|---|---|---|
| Title | Todd Hurvitz v. Zoom Video Communications, Inc., et al. | | |

In a rather transparent attempt to avoid transfer to the Northern District, Plaintiff filed a First Amended Complaint on May 12, 2020, in which he voluntarily dismissed Zoom as a defendant without prejudice, but continued alleging claims against LinkedIn and Facebook for receiving information from other applications, including Zoom. Because LinkedIn and Facebook filed responses to the Order to Show Cause, and seek transfer to the Norther District, the Court will consider transfer notwithstanding Plaintiff's dismissal of his claims against Zoom.

**II.     Analysis**

Under 28 U.S.C § 1404(a), a court may transfer an action "to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice." A court may transfer venue in response to a motion by either party or on its own motion. See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993). However, a "transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989).

Transfer under 28 U.S.C. §1404(a) is only available to districts in which the case "might have been brought" initially. Id. Thus, the "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendants must be subject to personal jurisdiction. The § 1404 transfer analysis therefore has two steps: (1) Whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, would transfer serve the interest of the convenience of parties and witnesses, and the "interest of justice."

**A.     This Action Could Have Been Brought in the Alternative Forum**

None of the parties dispute that this action could have been brought in the Northern District, where Zoom, Facebook, and LinkedIn maintain their headquarters. The Court therefore concludes that this action could have been brought in the alternative forum. See 28 U.S.C. § 1391(c).

**B.     The Interests of Convenience and Justice**

In analyzing the second prong of a transfer under § 1404, the Court may consider several factors to determine whether convenience and interests of justice are met by the proposed transfer: (1) convenience to the parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations. See Decker Coal Co. v Commonwealth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3400 PA (JPRx) | Date | May 12, 2020 |
|---|---|---|---|
| Title | Todd Hurvitz v. Zoom Video Communications, Inc., et al. | | |

Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); E. & J. Gallo Winery v. F. & P. S.P.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). The factors are each sub-categories of the three general factors listed in the text of § 1404(a) itself: the convenience of parties, the convenience of witnesses, and the interest of justice. The Court is to interpret these factors broadly, and to apply them to the particular facts of each individual case. See e.g., id. There is a large number of factors that courts have considered in weighing the propriety of a § 1404(a) transfer, not all of which are particularly relevant here. Thus, rather than discussing all possible influences on the Court's decision, the Court will focus only on those factors that are of significance in this case.

### 1. Plaintiff's Choice of Forum

When considering a transfer, a court generally gives the plaintiff's choice of forum "great weight" Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987), and there must be a "strong showing of inconvenience," Decker Coal Co., 805 F.2d at 843. However, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." Lou, 834 F.2d at 739. Plaintiff does not even contend in his Response that his choice of forum should be entitled to deference, and to the extent he seeks to represent a nationwide class, the Court concludes that his choice of forum is entitled to little weight.

### 2. Convenience to the Parties

Defendants argue that litigating this action in the Northern District would be a more convenient forum for the parties because their headquarters are located there. Plaintiff's only basis for arguing that the Central District is more convenient is that he and his counsel's office are located here. To the extent that this action proceeds as a nationwide class, the Central District is no more convenient for the vast majority of potential class members than is the Central District. On the other hand, it would be overwhelmingly more convenient for Defendants to litigate this action in the Northern District. Therefore, this factor weighs in favor of transfer.

### 3. Convenience to the Witnesses

"The convenience of witnesses 'is often the most important factor considered by the court when deciding a motion to transfer for convenience.'" Kannar v. Alticor, Inc., No. C-08-5505 MMC, 2009 WL 975426, at *2 (N.D. Cal. Apr. 9, 2009). Further, "[i]n balancing the convenience of the witnesses, primary consideration is given to third part[ies], as opposed to employee witnesses." Id.; Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc., 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) ("The determination of whether a particular venue is more

Case 2:20-cv-03400-PA-JPR   Document 41   Filed 05/12/20   Page 4 of 4   Page ID #:1195

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3400 PA (JPRx) | Date | May 12, 2020 |
|---|---|---|---|
| Title | Todd Hurvitz v. Zoom Video Communications, Inc., et al. | | |

convenient for the witnesses should not turn on which party produces a longer witness list. Rather, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case." (internal citation omitted)).

The only witness located in the Central District that Plaintiff has identified is Plaintiff himself. Although Defendants have not identified any witnesses by name, they have convincingly explained that the vast majority of Defendants' likely witnesses are located within the Northern District, where the decisions and software of which Plaintiff complains were made. Though more weight should be given to the location of non-employee witnesses, neither party provides the Court with information as to where those witnesses, if any, reside. Therefore, this factor weighs in favor of transfer.

### 4.      Interests of Justice

The final factor in the § 1404 analysis has been called a "catch-all" for various arguments. See 17 James Wm. Moore, Moore's Federal Practice § 111.13[1][n], at 111-90 (3d ed. 2004). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" Regents of the Univ. of Cal. v. Eli Lilly & Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting Coffee v. Van Dorn Iron Works, 796 F.2d 217, 220–21 (7th Cir. 1986)).

Overall, the interests of justice also favor the Northern District. Although Plaintiff has attempted to limit the similarity between this action and the thirteen other actions involving Zoom now or soon-pending in the Northern District by dismissing Zoom without prejudice, nothing would prevent Plaintiff from reasserting a claim against Zoom at a later date. Even without Zoom as a defendant in the First Amended Complaint, both LinkedIn and Facebook are headquartered there and Plaintiff has apparently agreed to the terms of service of those entities that provide for venue in the Northern District. The Court therefore concludes that the interests of justice favor transfer to the Northern District.

### Conclusion

For the foregoing reasons, the Court concludes that transferring this case will better serve the interests of justice and the convenience of the parties and witnesses. Transfer under §1404(a) is therefore appropriate. As a result, the Court hereby orders the Clerk to transfer this action to the United States District Court for the Northern District of California, and specifically to the United States Courthouse located in San Jose. See 28 U.S.C. § 1404.

IT IS SO ORDERED.